CRANFORD, et al. *v.* HILBUN, et al.

No. 42481        . December 10, 1962        . 147 So. 2d 309

*Edward J. Currie,* Hattiesburg; *Guy M. Walker, II,* Laurel, for appellants.

*F. B. Collins,* Laurel, for appellees.

JONES, J.

Mrs. Cranford sued Mrs. George G. Schauber, J. D. Hilbun, Lionel Collins and various grantees of Hilbun and Collins, seeking a cancellation of the claims of all defendants (except Mrs. Schauber) to 100 acres of land in Section 20, Township 7 North, Range 12 West, First Judicial District of Jones County, Mississippi.

The record disclosed that Hilbun claimed the NE¼ of SW¼ and the S½ of S½ of SW¼ of NW¼. Collins claimed the SE¼ of NW¼ and the N½ of S½ of SW¼ of NW¼. The two tracts comprised the 100 acres.

Collins died pending the trial and the case was revived as to his heirs.

As to Mrs. Schauber, it was alleged that she was a cotenant with Mrs. Cranford and that each owned an undivided one-half interest in the lands, although it was shown that the legal title was in Mrs. Cranford. It was sought to charge Mrs. Schauber's interest with certain taxes and one-half the amount of a debt secured by a deed of trust paid by Mrs. Cranford.

Defendants Hilbun and Collins' heirs answered, claiming title by adverse possession with sheriff's deeds under execution as color of title.

A sufficient deraignment of title to understand the issues is:

W. M. Bowman, et ux to T. L. Price — W/D — 2/5/20

T. L. Price, et ux to B. Dubose, Pres. Board of Supervisors — D/T — 2/5/20

T. L. Price, et ux to R. H. Cranford and A. B. Schauber — deed — 8/14/20

A. B. Schauber to Mrs. Geo. G. Schauber — deed — 11/23/28 — ½ interest.

Tax Col. to Dr. G. T. Cranford — Tax Deed — 10/9/33

G. T. Cranford to Mrs. L. M. Cranford — 6/27/36

R. H. Cranford to Mrs. L. M. Cranford — deed 11/22/37

J. P. Reddock, Sheriff, to L. Collins — 6/17/40 — Exec. Sale — 50 acres

J. P. Reddock, Sheriff, to Hadley Hilbun — 6/17/40 — Exec. Sale — 50 acres

D. B. Dubose by Trustee to E. B. Cooper — Trustee Sale — 7-21-41

E. B. Cooper to Mrs. L. M. Cranford — deed 8/5/41

A. B. Schauber was the husband of Mrs. George G. Schauber. R. H. Cranford was the husband of Mrs. Lena M. Cranford. The judgment under which the land was sold by the sheriff was against Mrs. Cranford, et al., but not against Mrs. Schauber. J. D. Hilbun had succeeded to the title of Hadley Hilbun.

After hearing the evidence and viewing the premises, the Chancellor found: ''The Court further finds that the testimony conclusively shows that these defendants in the early part of 1941 entered into actual possession of their respective parcels of land and began the cultivation of small parts of said land, and they tore down and removed from the said land a house or residence situated on the N½ of the S½ of the SW¼ of the NW¼ of Section 20, Township 7 North, Range 12 West, and that over a ten year period the said Defendants, J. D.

Hilbun and Lionel Collins, cut and removed timber from the said land a number of times and on several occasions sold timber to other parties during the said ten year period following 1941. That J. D. Hilbun put up posted signs at different places on the border of the parcels he was claiming, that Lionel Collins leased for a number of years to a tenant about a fifteen acre field upon his portion of said land, and that it was continuously cultivated by said tenant for approximately ten years following the year 1941. The Court finds from the testimony that J. D. Hilbun about the year 1954 constructed a dam and a fish pond on part of said land. The Court further finds that the said Lionel Collins and J. D. Hilbun were in the actual, open, notorious, exclusive, hostile adverse possession of their respective parcels of land from the early part of 1941 continuously for a period of more than ten years following said date, and that they thereby became the owners of their respective parcels of land as described in the Bill of Complaint and as described in their Cross-Bills, and thereby became the owners by adverse possession.

"The Court further finds that so far as the testimony shows there was no interruption of the adverse possession of the said Lionel Collins and J. D. Hilbun to their respective parcels of land by Mrs. Cranford, Mrs. Schauber or anyone else."

██ █ The evidence was sufficient to support the findings of fact and we cannot say the chancellor was manifestly wrong.

However, the appellants raise two legal questions, alleging: (a) The sheriff's sales were subordinate to the deed of trust to the County, and, therefore, when the deed of trust was foreclosed the sheriff's deeds became ineffective and not available as color of title; and (b) that the sheriff's deeds could only have conveyed the interest of Mrs. Cranford and that when Hilbun and Collins entered upon the land, they did so as cotenants

with Mrs. Schauber and there had been no ouster as to her.

■■■ As to (a), the rule in Mississippi is stated in Shepherd v. Cox, 191 Miss. 731 (On Suggestion of Error), 4 So. 2d 217, as follows:

''When considering color of title the question is not whether the instrument relied on as color operates to convey, and to continue to convey, any actual title but whether it appears to do so; and when on the face of the instrument it purports to convey title to the land therein described, it will constitute color although, because of matters de hors the instrument, it conveys no title at all. And the rule is too well settled in this state to be challenged now, that the actual adverse possession, by the colorable grantee, for the statutory period of a part of the tract of land, within the descriptions of the instrument which constitutes the color, extends the adverse possession and the title acquired thereby to the entire tract within the calls of the color, there being no conflicting actual possession.''

■■■ With reference to (b): As shown by deraignment of title, supra, the lands sold for taxes in 1933, were purchased by Dr. G. T. Cranford and conveyed to Mrs. Cranford, the complainant, in 1936. And in 1941, when the prior deed in trust was foreclosed, deed was made by the purchaser at foreclosure to Mrs. Cranford. At the time of trial, legal title had been in Mrs. Cranford since 1936 and 1941 under such deeds. While the advertisement of sale under execution said there would be sold ''all right, title, interest and claim that the defendants, Dr. R. H. Cranford and Mrs. Lena Cranford, have'' in and to the lands, the sheriff's deeds purported to convey the entire estate in the lands without limitations, so that defendants had color of title to the entire tract.

Mrs. Schauber was a non-resident. The chancellor found that the defendants entered into actual possession

of the land in 1941 and remained in the actual, open, notorious, exclusive, hostile and adverse possession continuously for more than ten years. Mrs. Schauber's rights were equitable rights known only to her and Mrs. Cranford. Mrs. Cranford held legal title, as between the two of them, in trust.

■■■ Mrs. Schauber's only deed of record was in 1928. From 1936 and 1941 to the filing of this suit on December 1, 1959, legal title was held by Mrs. Cranford as trustee. In such case, the rule is stated in 1 Am. Jur., Adverse Possession, Sec. 73, page 836, as follows:

"The rule is uniformly recognized that title by adverse possession may be acquired to property held in trust, and that, if a trustee delays the assertion of his rights until the statute effects a bar against him, the cestui que trust will also be barred. Mere ignorance on the part of the cestui que trust of the existence of his rights in the trust property will not serve to stop the running of the statute. There is no hardship in this rule, for if the trustee will not sue, he is answerable to the cestui que trust, or the latter may use his name."

See also Section 81 of the same volume where it is stated the same rule applies regardless of the disability of the cestui que trust, provided the full legal title is held by the trustee.

Affirmed.

*Lee, P. J., and Kyle, Gillespie and McElroy, JJ.,* concur.